492 F.2d 48
 SEATTLE TRUST & SAVINGS BANK, a Bank incorporated under the
laws of the State of Washington, et al.,
Plaintiffs-Appellants,
v.
The BANK OF CALIFORNIA, N.A., a national banking
association, Defendant-Appellee, and William B.
Camp, Comptroller of the Currency of the
United States,Intervening
Defendant-Appellee.
John J. McCARTHY, Supervisor, Division of Banking,
Department of GeneralAdministration, State of
Washington, Plaintiff-Intervenor-Appellant,
v.
The BANK OF CALIFORNIA, N.A., a national banking
association, Defendant-Appellee, and William B.
Camp, Comptroller of the Currency of the
United States,Intervening
Defendant-Appellee.
 Nos. 72-2712, 72-2750.
 United States Court of Appeals, Ninth Circuit.
 Jan. 30, 1974.
 
 Lauren D. Studebaker (Argued) of Davis, Wright, Todd, Riese & Jones, Slade Gorton, Atty. Gen., and Richard A. Heath, Deputy Atty. Gen., Olympia, Wash., Thomas Beierle (Argued) (amici curiae) Seattle, Wash., for appellants.
 Noble Gregory (Argued), William I. Edlund, Walter J. Robinson, III, of Pillsbury, Madison & Sutro, San Francisco, Cal., Paul W. Steere of Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., John E. Shockey, Director of Litigation, Comptroller of the Currency, Dept. of the Treasury, Washington, D.C., James L. Browning, Jr., U.S. Atty., and Peter V. Shackter, Asst. U.S. Atty., San Francisco, Cal., Walter H. Fleischer, Anthony J. Steinmeyer (Argued) Civ. Div., Appellate Section, U.S. Dept. of Justice, Washington, D.C., for appellees.
 Before TRASK and CHOY, Circuit Judges, and KELLEHER,* District judge.
 PER CURIAM:
 
 
 1
 In this action seven banks in the State of Washington challenged, in the District Court, a decision of the Comptroller of the Currency of the United States granting to the Bank of California, N.A., a national banking association, permission to open a new branch in the City of Seattle, Washington. The trial court found that the Comptroller had properly applied federal and state law in reaching his decision and granted summary judgment in favor of defendants. The plaintiff banks and the Washington State Supervisor of Banking, as plaintiff intervenor, appeal. We affirm.
 
 
 2
 The parties apparently agree that no factual dispute exists and that summary judgment was an appropriate form of disposition by the trial court, each side having so moved the court.
 
 
 3
 On July 1, 1970, the Bank of California applied to the United States Comptroller of the Currency for permission: (1) to relocate its existing Seattle office to a new location in Seattle, and (2) to establish a new branch at 815 Second Avenue in Seattle, the site of its existing Seattle office. Upon receipt of the application, competing national and state banks and the Washington Supervisor of Banking were notified of the application. Objections were filed to that portion of the application seeking to establish a new branch. The Comptroller allowed presentations by all interested parties and, after an independent investigation by a national bank examiner and review by his staff, issued his opinion granting the application and setting forth reasons for his decision.
 
 
 4
 Plaintiffs filed this action to enjoin the Bank of California from taking the Comptroller's authorized action of opening a second branch in the City of Seattle; the Comptroller of the Currency intervened as a defendant and the Washington Supervisor of Banking intervened as a plaintiff. Another group of banks, Western Independent Bankers, have also appeared as amicus curiae supporting plaintiffs. Upon cross-motions for summary judgment, the District Court held that the decision of the Comptroller was reasonable and entered judgments for defendants.
 
 
 5
 Appellants make three contentions here. First, they contend that the District Court erred in approving the Comptroller's determination that the Bank of California is 'situated' in Seattle, Washington, for purposes of Section 36(c) of the National Bank Act which regulates bank branching. Second, appellants argue that the trial court erred in approving the Comptroller's determination that appellee had its 'principal place of business' in Seattle within the meaning of the Washington State branch banking statute, RCW 30.40.020. Finally, appellants assert that the District Court erred in applying an erroneous standard of judicial review of the decision of the comptroller.
 
 
 6
 We consider first the question raised concerning the proper standard of judicial review of the Comptroller's decision. Although this issue was not clearly presented or determined in the trial court, it does appear from the record that the District Court adopted the view urged by the Bank of California and the Comproller that the Courts should uphold the Comptroller's administrative ruling unless he acted 'unreasonably, arbitrarily and capriciously' in construing applicable statutes. Although this standard apparently was applied by the District Court, we deem the proper standard of review to have been a de novo determination of the legal issues involved herein. We consider the determination in the trial court to have accomplished a result entirely consistent in approach and result with the de novo review requirement.
 
 
 7
 The arbitrary and capricious standard has been judicially fashioned to protect against the wrongful exercise of discretion by the Comptroller regarding factual controversies. In this case, however, the principal issue was whether the Comptroller has acted within the limitations imposed upon him by federal and state law, not whether he has acted reasonably or unreasonably. If the Comptroller was incorrect in his interpretation of the law, he should have been overruled in the District Court. First National Bank of Logan, Utah v. Walker Bank & Trust Co., 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343, reh. den., 385 U.S. 1032, 87 S.Ct. 738, 17 L.Ed.2d 680 (1966). This standard of review has been customarily applied to cases involving interpretation of 12 U.S.C.A. 36(c). See First National Bank v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1966).
 
 
 8
 The District Court had before it a review of the legal determinations of the Comptroller. The trial court, and we, may give great deference to the interpretation given a statute by the officer charged with its administration, in this case, the Comptroller of the Currency. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); Ramapo Bank v. Camp, 425 F.2d 333, 341 (3rd Cir.) cert. denied, 400 U.S. 828, 91 S.Ct. 57, 27 L.Ed.2d 58 (1970). We consider the record before us to establish a proper determination by the District Court of the applicable law, and, hence, to have been a de novo review of the Comptroller's legal determination.
 
 
 9
 Appellants' principal contention is that the Bank of California is prohibited from opening a branch in Seattle, Washington, by the National Banking Act, 12 U.S.C. 36(c), which provides in applicable part as follows:
 
 
 10
 '(c) A national banking association may, with the approval of the Comptroller of the Currency, establish and operate new branches: (1) Within the limits of the city, town or village in which said association is situated, if such establishment and operation are at the time expressly authorized to State banks by the law of the State in question; and (2) at any point within the State in which said association is situated, if such establishment and operation are at the time authorized to State banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks.' 12 U.S.C.A. 36(c).
 
 
 11
 In appellants' view, the legislative history and obvious purpose of this section of the Act is contrary to the decision of the Comptroller that the Bank of California is 'situated' in Seattle, Washington. It is their contention that the Bank of California is 'situated' only in the State of California and that any further interstate branching by the Bank of California is prohibited by the statute.
 
 
 12
 After consideration of the extensive briefs of the parties and of amicicuriae, we conclude that this statute should not be so construed. The construction which appellants would place on 'situated' for the purpose of this section of the Banking Act would prove totally unworkable if applied in other sections of the Act. Throughout the Banking Act there are numerous provisions which refer to banks which are 'situated in' or 'located in' certain geographical areas. These provisions exist in the Act with respect to such items as security for government deposits, interest and fiduciary capacity.[1] Such provisions govern the regulation of these aspects of banking by the state in which the bank is 'situated' or 'located'; they also insure that these national banks have rights equal to those of other banks in a particular state.
 
 
 13
 If the words 'located' or 'situated' in these provisions were to refer to the site of the Bank of California's corporate headquarters in San Francisco, then the Bank's performance in the State of Washington of many essential banking functions would be governed by the laws of California. The law of California would control even when these functions are carried on by non-California branches in dealings with local customers and in competition with banks subject to local state statutory limitations. Such an anomaly could not have been intended by Congress in establishing national banking policy through the National Banking Act.
 
 
 14
 Alternatively, this Court could hold that 'situated' in this particular provision is to have a different meaning and import then the words 'situated' or 'located' in other provisions of the Act. We reject this construction in the absence of clear expression to this effect of congressional intent; we cannot find in the legislative history of the Act any such congressional intent.
 
 
 15
 Appellant relies upon the expressed general intent of Congress, under the Act, to proscribe or limit interstate banking. This general intent, however, is insufficient to support the strained construction here sought by appellants. In finding that the Bank of California is 'situated' in Seattle, Washington, for the purposes of 12 U.S.C.A. 36(c), we adopt a construction consistent not only with the plain meaning of the statutory language, but also with other provisions of the Banking Act.
 
 
 16
 This construction is given further support by the past conduct of both state and federal banking officials. For over fifty years the Bank of California has held a document from the State Supervisor of Banking certifying that it is a National Bank located in the State of Washington and allowed there to exercise trust powers. The Superior Court of the State of Washington for King County has reaffirmed that under these statutory provisions applying to banks located in Washington, the Bank of California is authorized to engage in trust business in the State of Washington. Krueger v. Bank of California, (Civil No. 738663, July 28, 1971, unreported). Indeed, had the Comptroller followed the appellants' reasoning in the instant case, the Supervisor of Banking for the State of Washington would not have been notified by the Comptroller of the Bank of California's relocation and new branch applications since the Comptroller's regulations provide for notice of such application to the 'state official who supervises state commercial banks in the state in which the applicant is or will be located.' 12 C.F.R. 5.2(c).
 
 
 17
 Section 36(c)(1) and (2) of the Act must be interpreted in the light of congressional desire to foster a climate of 'competitive equality' between national and state banks; it is not for the courts, in construing the Act, to frustrate that clear congressional purpose. First National Bank of Logan, Utah v. Walker Bank and Trust Co., 385 U.S. 252, 261, 87 S.Ct. 492, 17 L.Ed.2d 343, reh. den., 385 U.S. 1032, 87 S.Ct. 738, 17 L.Ed.2d 680 (1966). In determination of this application to branch, the Comptroller made extensive factual inquiry into the banking industry in Seattle. The record establishes that branch banking there has grown at an accelerating rate. The number of competing branches in downtown Seattle has doubled in the last ten years. Based on his investigation, the Comptroller found the Bank of California unable to compete equally with state and national banks authorized to branch freely in Seattle. The District Court found that the evidence before the Comptroller amply supported his finding that without the right to branch in Seattle, the Bank of California would suffer a competitive disadvantage within the State of Washington.
 
 
 18
 To the extent that we are here concerned with the proper judicial review by the District Court of any factual determination of the Comptroller, we cannot disagree with the Court's finding that the Comptroller's 'determinations are adequately supported and his decision reasonable.' Clearly, they could not have been found 'arbitrary' or 'capricious.' In this determination of 'competitive equality' the findings of the Comptroller must be accorded great deference. 'Courts have, in the main, consistently recognized the wide areas of discretion delegated by Congress to the Comptroller in the complex field of national banking . . ..' Ramapo Bank v. Camp, 425 F.2d 333, 341 (3rd Cir.), cert. denied, 400 U.S. 828, 91 S.Ct. 57, 27 L.Ed.2d 58 (1970).
 
 
 19
 In addition to the specific limits placed on branch banking by 12 U.S.C.A. 36, this section also requires that branch banking be established in compliance with the state law governing branching of state banks. In this case the controlling state statute is RCW 30.40.020 of the Washington Banking Code. In pertinent part, it provides:
 
 
 20
 'No bank or trust company shall establish or operate any branch in any city or town outside the city or town in which its principal place of business is located in which any bank, trust company or national banking association regularly transacts a banking or trust business, except by taking over or acquiring an existing bank, trust company or national banking association or the branch of any bank, trust company or national banking association operating in such city or town.'
 
 
 21
 The Comptroller found no applicable Washington precedent interpreting 'principal place of business' and determined that this was the 'principal place of business within the State of Washington.' The Comptroller further determined that Seattle was the principal place of business of the Bank of California for the purposes of RCW 30.40.020. This interpretation of the Washington statute should be affirmed. RCW 30.40.020 is specifically applicable to state banks. There is no such thing as a Washington state bank with its principal place of business outside Washington. Moreover, this construction is supported by the words 'within the state' in the first sentence of RCW 30.40.020. Interpretation of this statute to mean a 'principal place of business' outside of the jurisdiction would be an awkward and strained application of Washington banking laws which regulate only banking activities within Washington. This view is further supported by the past practice of the Washington Supervisor of Banking in its relations with the Bank of California. In day to day administration of banking activities within Washington, the Supervisor has treated Seattle as the principal place of business of the Bank of California.
 
 
 22
 The principle of competitive equality, discussed above, reinforces this interpretation of RCW 30.40.020. Since all state banks may branch freely within one city of the state, forbidding the Bank of California comparable banking opportunity is anti-competitive and runs counter to the clear policy of Congress as manifest in the National Banking Act.
 
 
 23
 We hold that the trial court, by appropriate standard of judicial review, properly upheld the Comptroller's determination.
 
 
 24
 Judgment affirmed.
 
 
 
 *
 Honorable Robert J. Kelleher, United States District Judge, for the Central District of California, sitting by designation
 
 
 [1]
 See, e.g., 12 U.S.C.A. 24 (authorizing charitable contributions), 12 U.S.C.A. 85 (interest rates which must be charged), 12 U.S.C.A. 371 (interest rates which must be paid), 12 U.S.C.A. 92 (the power to act as trustee), and 12 U.S.C.A. 90 (security authorized for safe-keeping of public funds)